IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JANICE BARROW**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **KANSAS STATE UNIVERSITY**, | ) ) |
| **JACQUELINE D. SPEARS**, in her individual and official capacities, | ) ) ) Case No. 21-cv-2569 |
| **CHARLES TABER**, in his individual and official capacities, and | ) ) ) ) |
| **RICHARD B. MYERS**, in his official capacity, | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Charles Taber hereby gives notice of the removal of the case styled *Barrow v. Kansas State Univ.*, No. 21-CV-04890 (Tenth Judicial District, District of Johnson County, Kansas), to the United States District Court for the District of Kansas. Defendant Taber states the following grounds for removal:

1. On October 13, 2021, Janice Barrow (the "Plaintiff") commenced this action in the Tenth Judicial District, District of Johnson County, Kansas, by filing her Petition.

2. Plaintiff served a copy of her Petition on the Defendant Taber on or about November 16, 2021. Defendant Taber is filing this Notice of Removal within 30 days of being served with the Petition.

3. All other Defendants consent to this removal. By consenting to removal, Defendant Kansas State University ("KSU") stated that is not waiving any immunity it has available,

specifically including sovereign immunity from liability, from any claim asserted by Plaintiff, including but not limited to the claims under the Age Discrimination in Employment Act of 1967 ("ADEA").

4. Plaintiff's Petition consists of eight counts: Count I alleges disparate treatment based on age in violation of the ("ADEA"), 29 U.S.C. §§ 621 *et seq.* against KSU. Count II alleges disparate treatment based on age in violation of the Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. § 44–1111 *et seq.* against KSU. Count III alleges disparate impact based on age in violation of the ADEA against KSU. Count IV alleges disparate impact based on age in violation of the KADEA against KSU. Count V alleges retaliation in violation of the ADEA against KSU. Count VI alleges retaliation in violation of the KADEA against KSU. Count VII alleges deprivation of rights under 42 U.S.C. § 1983 against Defendants Spears and Taber in their individual capacities. Count VIII is an action for injunctive relief under 42 U.S.C. § 1983 against Defendants Spears, Taber, and Myers in their official capacities.

5. In her Petition, Plaintiff invokes 42 U.S.C. § 1983 against Defendant Taber by citing the statute and claiming, "This is . . . a claim for depravation [sic] of rights under 42 U.S.C. § 1983." Pet., ¶ 10.

6. Further, Plaintiff invokes 42 U.S.C. § 1983 by alleging Defendants Spears and Taber "deprived Plaintiff of her constitutional rights" while "acting under the color of state law." Pet., ¶¶ 180-181, 183, 185.

7. Plaintiff's claims of violations of 42 U.S.C. § 1983 arise under federal law and contain substantial federal questions necessary for their resolution.

8. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state-law claims because they form part of the same case or controversy as her claims invoking federal law.

10. Because of this Court's original jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims, removal of this action is proper pursuant to 28 U.S.C. § 1441(a) and (c).

11. Plaintiff's claims against KSU under the ADEA also fall under this Court's original jurisdiction under 28 U.S.C. § 1331.

12. This Court may exercise supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1441(c).

13. The filing of this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is within thirty (30) days of receipt by Defendant Taber, through service or otherwise, of a copy of Plaintiff's Petition.

14. Pursuant to 28 U.S.C. § 1446(a) and D. Kan. Rule 81.2, copies of the current docket as well as all process, pleadings, and orders in this action are attached hereto as Exhibits 1 and 2, respectfully. Plaintiff has not served, and Defendant Taber has not received, any other process, pleadings, or orders.

15. After the filing of this Notice of Removal, the Defendants will file a copy of this Notice with the Clerk of Court of the Tenth Judicial District, District of Johnson County, Kansas, and will provide notice to Plaintiff, all as provided by 28 U.S.C. § 1446(d).

16. Defendant Taber hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Taber states that he has divested the state court of jurisdiction by filing with that Court a Notice of Filing this Notice of Removal, and requests that this Court proceed with adjudication of this matter.

Date:  December 3, 2021 Respectfully submitted,

/s/ Derek T. Teeter
DEREK T. TEETER            KS BAR NO. 23242
MICHAEL T. RAUPP           KS BAR NO. 25831
HUSCH BLACKWELL LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080 (FAX)
derek.teeter@huschblackwell.com
michael.raupp@huschblackwell.com

***Attorneys for Defendant Charles Taber***

## CERTIFICATE OF SERVICE

  I hereby certify that on December 3, 2021, a true and correct copy of the foregoing was served via United States mail, postage prepaid, upon:

  Katherine E. Myers
  Alexander Edelman
  Edelman, Liesen & Myers, L.L.P.
  208 W. Linwood Blvd.
  Kansas City, Missouri 64111
  Telephone (816)301-4056
  Facsimile (816) 463-8449
  kmyers@elmlawkc.com
  aedelman@elmlawkc.com

  *Attorneys for Plaintiff*

and I also filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

            /s/ Derek T. Teeter
            *Attorney for Defendant Charles Taber*