IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANICE BARROW,

    Plaintiff,

v.                                                                                         Case No. 21-2569-JWB

KANSAS STATE UNIVERSITY,
et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to alter judgment. (Doc. 21.) The motion is fully briefed and ripe for review. (Docs. 21, 22, 23, 24.) For the reasons stated herein, Plaintiff's motion to alter judgment is DENIED.

**I.    Background and Procedural History**

On October 13, 2021, Plaintiff filed this lawsuit. The petition asserted three claims against the University under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; three claims against the University under the Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. § 44-1111 *et seq.*; a procedural due process claim against Defendants Spears and Taber, in their individual capacities, under 42 U.S.C. § 1983 and the Fourteenth Amendment; and a claim for injunctive relief against Defendants Spears, Taber, and Myers, in their official capacities, under *Ex Parte Young*, 209 U.S. 123 (1908).

Defendant Taber removed the case to this court on December 3, 2021, and the University consented to removal the same day. (Doc. 4.) In filing its consent to removal, the University stated that it "is not waiving, and expressly preserves, any immunity it has available, specifically

1

including sovereign immunity from liability, from any claim asserted by Plaintiff, including but not limited" to her claims brought under the ADEA. (*Id*.) On June 9, 2022, this court granted Defendants' motions to dismiss in a Memorandum and Order (Doc. 19), and judgment was entered (Doc. 20). Plaintiff now asks this court to reconsider that judgment.

## II.     Standard

A motion to reconsider a dispositive order[1] must be asserted pursuant to Fed. R. Civ. P. 59(e) or 60. *See* D. Kan. R. 7.3. Plaintiff cites both Rule 59(e) and 60 in her motion. (Doc. 21 at 1.) "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc*., No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co*., 845 F.3d 997, 1004 (10th Cir. 2017)). A motion to reconsider a prior ruling "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted). It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (quotation omitted).

Courts have the authority under Rule 60 to grant relief from a final judgment for several specific reasons. The court has authority to make corrections based on "a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The court also has more general authority to provide

---

[1] The meaning of "dispositive orders or judgments" in D. Kan. R. 7.3 continues to cause confusion, as it has been construed to mean any order that disposes of a claim, on the one hand, and on the other hand an order that disposes of all remaining claims in a case. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010). In any event, the order at issue in this case is clearly dispositive because it disposed of all the claims in the case. (Doc. 19.)

2

relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Johnson v. Spencer*, 950 F.3d 680, 702 (10th Cir. 2020). However, relief granted under this part of the rule "is extraordinary and reserved for exceptional circumstances." *Johnson*, 950 F.3d at 702 (quotation omitted).

## III. Analysis

This court dismissed the federal claims against the University because they were barred by sovereign immunity. (Doc. 19.) The court also found that Defendants Spears and Taber were entitled to qualified immunity and that because Plaintiff's procedural due process rights were not violated by Defendants Spears, Taber, or Myers, she was not entitled to injunctive relief under *Ex Parte Young*. The court also dismissed the state law claims, declining to exercise supplemental jurisdiction.

### A. Plaintiff's Request for Reconsideration

Plaintiff asks for reconsideration of the arguments made in her response to Defendants' motions to dismiss. She does not rely on new case law and does not raise new facts within these arguments. This motion is not an appropriate vehicle to request consideration of the issues this court has already decided. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Finally, we note that a motion for reconsideration and a successive Rule 60(b) motion, as brought by St. Paul in this case, are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.").

Plaintiff argues that this court incorrectly interpreted *State ex rel. Franklin v. City of Topeka*, 266 Kan. 385, 969 P.2d 852 (1998). (Doc. 22 at 4–6.) But Plaintiff brings no new facts and points to no new case law which shows that this court's interpretation was incorrect. Plaintiff

3

merely discusses the *Franklin* case in detail. This court addressed *Franklin* in its Memorandum and Order and declines to reconsider its analysis now.

Next, Plaintiff argues that this court did not accept Plaintiff's pleaded facts as true, which caused the court to err in granting Defendants' motion to dismiss. (*Id.* at 6–8.) As Defendants correctly point out in their memorandum in opposition (Doc. 23), Plaintiff's pleadings were legal conclusions, not factual ones. (*Id.* at 4–5.) For example, Plaintiff explains that she pleaded that her rights in her property interest in continued employment were clearly established. (Doc. 22 at 7.) But that is a legal conclusion, not a factual allegation, and the court is not obligated to accept a legal conclusion as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, Plaintiff argues that the court erred in dismissing her claims under *Ex parte Young* because she pled sufficient allegations and because the process provided to her was insufficient. (Doc. 22 at 8–10.) As this court has already mentioned, the court was not obligated to accept Plaintiff's legal conclusions. And the court addressed Plaintiff's arguments about due process in its Memorandum and Order. (Doc. 19 at 9–12.)

The court declines Plaintiff's invitation to re-evaluate its earlier decision.

### B. Plaintiff's Request for Remand of State Law Claims

Plaintiff argues that the court should have remanded Plaintiff's state law claims rather than dismissed them. (Doc. 22 at 10–11.) Plaintiff relies on 28 U.S.C. § 1447(c), which explains that remand is appropriate if the court determines it lacks subject matter jurisdiction. Plaintiff also cites *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) because in that case, the district court remanded the state law claims over which it declined to exercise supplemental jurisdiction.

A survey of Tenth Circuit case law demonstrates that a district court may decide whether it is appropriate to remand or dismiss state law claims. *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("After a thorough review of the record and the authority cited by Mr. Smith, we cannot say the district court abused its discretion in dismissing his remaining state claims."); *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1237 (10th Cir. 1997) (directing remand of state law claims to state court); ("[T]he most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice.") (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (alteration in original)); *Grimes v. Molish*, 785 Fed. App'x 576, 579 (10th Cir. 2019) (affirming district court's dismissal of state law claims after it declined to exercise supplemental jurisdiction); *Aery v. Bd. of Cnty. Comm'rs of Tulsa Cnty.*, 696 Fed. App'x 360, 362 (10th Cir. 2017) (directing district court to remand state law claims back to state court).

Because the district court has discretion to either remand or dismiss any state law claims over which it declines to exercise supplemental jurisdiction, Plaintiff has not identified a mistake or provided a reason which justifies remand in this case. This court stands by its ruling that Plaintiff's state law claims are dismissed without prejudice.

**IV.   Conclusion**

For the reasons stated, Plaintiff's motion to alter judgment (Doc. 21) is DENIED.

IT IS SO ORDERED this 1st day of November, 2022.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE